IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **Bennie Starks,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 09 C 348** |
| v. | ) | |
| | ) | **Judge David Coar** |
| **City of Waukegan, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

### REPORT OF PLANNING MEETING

1. On September 10, 2009, the following parties met as required by Fed. R. Civ. P. 26:

- Plaintiff Bennie Starks, by his attorney John L. Stainthorp

- Defendant City of Waukegan, by its attorney Gretchen A. Neddenriep of Diver, Grach, Quade & Masini, LLP.

- Defendants Drs. Carl Hagstrom and Russell Schneider, by their attorney Michael D. Krause of Bollinger, Ruberry & Garvey.

- Defendants Michael Urbancic, William Biang, Phil Stevenson, Miguel Juarez and David Deprez by their attorney Daniel P. Field of Scariano, Himes and Petrarca.

- Defendant Sharon Thomas-Boyd by her attorney Robert Bell Jr.

2. All the participants in the meeting discussed the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, disclosures required under Rule 26(a)(1) and developed a discovery plan.

3. All the participants in the meeting discussed scheduling matters addressed in Rule 16(b) and agreed to the Proposed Scheduling Order which is being filed separately.

4. To that end, the parties considered whether the issues in the case could be simplified, and were unable to determine that they could.

5. As to modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules which should be made in order to expedite discovery, the case is complicated by the continuing prosecution of plaintiff for the same crime which is at issue in this case. All parties have agreed that discovery should be stayed pending determination of the criminal prosecution of plaintiff for the same crimes which underlie the allegations of this complaint and pending rulings on the motions to dismiss filed by some defendants. The next court date in connection with this prosecution is September 14, 2009, and a trial date may be set at that time. Defendants' position is that the case should also be stayed pending possible vacation of the aggravated battery conviction which arose out of the same set of events.

6. Discovery will be needed on the following subjects:

    a. The facts underlying the criminal prosecution of plaintiff, including plaintiff's allegations that the defendants withheld and misrepresented evidence.

    b. The scientific evidence which was introduced against plaintiff at his first trial, including serological and dental evidence.

    c. The damages suffered by plaintiff.

7. The parties' position is that discovery should not be conducted in stages.

8. There is no reason to think that discovery will be contentious and discovery does not need to be referred to a Magistrate Judge at this time.

9. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

10. The parties discussed the possibility of alternative dispute resolution and concluded that it is not feasible at this time.

11. The parties have discussed settlement and have concluded that there is no immediate prospect of a settlement or resolution.

12. The parties have no suggestions as to methods of expediting the resolution of this matter.

13. This Report is being filed by plaintiff's counsel with the consent of all parties who have appeared in this matter.

Dated:   September 10, 2009                     Respectfully Submitted,

/s/ John L. Stainthorp
People's Law Office
1180 N. Milwaukee
Chicago, IL 60642
773 235 0070

Attorney for Plaintiff

## NOTICE OF FILING

On September 10, 2009 I filed with the United States District Court the parties Report of Planning Meeting, a copy of which is served upon all counsel of record via the court's ECF system.

/s/ John L. Stainthorp