**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BENNIE STARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  09 C 348 |
| v. | ) |
| | ) |
| CITY OF WAUKEGAN and PRESENT AND FORMER WAUKEGAN POLICE DEPARTMENT OFFICIALS LIEUTENANT URBANCIC, W. BIANG, P. STEVENSON, M. JUAREZ, D. DEPREZ, and DR. CARL HAGSTROM, DR. RUSSELL SCHNEIDER, and SHARON THOMAS-BOYD, | ) JUDGE DAVID H. COAR |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Bennie Starks ("Plaintiff" or "Starks") brings this action under 42 U.S.C. § 1983, alleging that Defendants maliciously prosecuted him and deprived him of his right to a fair trial, resulting in his conviction for a crime that he did not commit.  Presently before this Court are four motions: motions to dismiss by (1) the City of Waukegan, (2) Drs. Carl Hagstrom and Russell Schneider, and (3) former Waukegan Police Department officials Lieutenant Urbancic, W. Biang, P. Stevenson, M. Juarez and D. Deprez; and (4) a motion for summary judgment by Sharon Thomas-Boyd.  For the reasons stated below, this matter is stayed pending the resolution of Starks's state court criminal proceedings.

**FACTUAL BACKGROUND**

On January 19, 1986, a woman reported to the Waukegan police that she had been dragged into a ravine, beaten, and raped by an unknown attacker.  Shortly thereafter, Bennie

Starks was arrested for that crime. He was subsequently convicted at the conclusion of a jury trial and sentenced to 60 years' imprisonment. Starks's conviction and sentence were upheld on appeal. Although Starks continued to fight his conviction while imprisoned, it was not until post-conviction proceedings that DNA testing excluded Starks as the source of the semen found in the victim's body and on her clothing. On March 23, 2006, the Illinois Appellate Court reversed the denial of Starks's post-conviction petition and vacated his convictions for aggravated criminal sexual assault and attempted aggravated criminal sexual assault. Curiously, however, the Appellate Court did not address Starks's outstanding conviction for aggravated battery even though Starks's defense was that he was wrongly identified. Starks claims that his criminal defense counsel are continuing their efforts to have his aggravated battery conviction vacated. In any event, Starks was released from prison on bond on October 4, 2006, and the Illinois Appellate Court issued a formal mandate reversing Starks's sexual assault convictions on January 20, 2007. Starks currently awaits retrial on the charges underlying these convictions. His trial is scheduled for March 2010.

After serving 20 years in prison for a crime he claims he did not commit, Starks brings the instant § 1983 action seeking damages related to his alleged wrongful conviction and imprisonment. On January 20, 2009, Starks filed a four-count complaint against the City of Waukegan, five Waukegan police officers, and three experts who testified at his trial (collectively, "Defendants"). The gravamen of Starks's complaint is that Defendants committed various acts of misconduct that deprived him of his right to a fair trial and resulted in his wrongful conviction. Specifically, Starks alleges that Defendant police officers induced the victim to identify him through a suggestive photo show, prepared police reports falsely stating that Starks had made several inculpatory statements during his interview with police, and neither

documented nor informed prosecutors of their knowledge that the victim's identification of Starks as her attacker was unreliable. Furthermore, Starks claims that Defendant police officers suggested to the victim that Starks was the person who had attacked her and contributed significant aspects to her story in order to match other evidence in the case and undermine Starks's alibi.

Starks also claims that Defendants Dr. Carl Hagstrom and Dr. Russell Schneider, experts in forensic dentistry, falsely reported to prosecutors that a bite mark on the victim had been made by Starks even though they knew that they did not possess information sufficient to produce a reliable report. According to Starks, Defendant Sharon Thomas-Boyd, a serological expert, concealed results of testing that excluded Starks as the source of semen recovered from the victim and her clothing. Starks complains that Defendant Juarez testified falsely before the Grand Jury, and Defendants Juarez, Biang, Deprez, Hagstrom, Schneider, and Thomas-Boyd testified falsely at his trial.

Count I of Starks's complaint, brought against all eight Defendants under § 1983, alleges that the individual Defendants engaged in a conspiracy to commit various acts of misconduct that deprived him of his right to a fair trial and led to his wrongful conviction. Under Count II, brought against all Defendants pursuant to § 1983, Starks alleges that Defendants maliciously prosecuted him. Count III asserts a *Monell* policy claim against the City of Waukegan. Count IV asserts an indemnification claim against the City of Waukegan pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102.

## ANALYSIS

As an initial matter, the parties offer several positions regarding the timeliness of this lawsuit. They argue, at once, that this lawsuit is too early, too late, and on time. After

considering the parties' various positions, the Court finds that this lawsuit is premature. As Starks remains convicted of aggravated battery and awaits trial on pending charges of aggravated criminal sexual assault and attempted aggravated criminal sexual assault, no cause of action pursuant to § 1983 has yet accrued. The Court therefore stays this matter pending the resolution of Starks's state court criminal proceedings.

The centerpiece of Starks's complaint is his § 1983 claim that Defendants engaged in various acts of misconduct that ultimately deprived him of his right to a fair trial. The question is when Starks's § 1983 claim accrued. While Illinois state law teaches that the length of the statute of limitations for personal injury claims brought under § 1983 is two years, the Court must look to federal law to determine when a § 1983 cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). In *Heck v. Humphrey*, which controls this question here, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994) (footnotes omitted). The Court's decision aimed to avoid conflicting resolutions of the same issue and expanding opportunities for collateral attack through the improper use of civil tort actions to challenge outstanding criminal convictions. *Id.* at 484-86. To guard against these possibilities, the Court instructed that:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. In *Wallace v. Kato*, the Supreme Court injected some confusion into the *Heck* analysis by holding that Fourth Amendment claims for false imprisonment accrue at the time an individual is brought before a magistrate and bound over for trial. 549 U.S. at 391. However, reconciling the accrual rules of *Heck* and *Wallace*, the Seventh Circuit held that *Wallace* "deals with the accrual date of a § 1983 claim for false imprisonment . . . A *Brady* claim, on the other hand, is not controlled by *Wallace* but rather by *Heck v. Humphrey*." *Johnson v. Dossey*, 515 F.3d 778 (7th Cir. 2008); *see also Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001) (*Brady* claim was subject to accrual rule announced in *Heck*); *Gordon v. Devine*, No. 08 C 377, 2008 WL 4594354, at *6 (N.D. Ill. Oct. 14, 2008) ("Due Process claims regarding a plaintiff's right to a fair trial and exculpatory information pursuant to *Brady* necessarily raise questions about the validity of a conviction, and thus, are postponed under *Heck*.").

To escape the reach of binding Seventh Circuit precedent, some of the Defendants contend that Starks's claim is not properly characterized as a *Brady* claim, and it is therefore subject to the accrual rule of *Wallace* rather than *Heck*. To support their argument, these Defendants point out that the Illinois Appellate Court reversed Starks's sexual assault convictions based on exculpatory DNA evidence that emerged during post-conviction proceedings. Since "'*Brady* identifies a trial right,' particularly because it mandates the disclosure only of evidence that 'is material either to guilt or to punishment,'" evidence not in existence at the time of trial cannot support a *Brady* claim. *Johnson v. Garza*, 564 F.Supp.2d. 845, 854 (N.D. Ill. 2008) (quoting *Newsome*, 256 F.3d at 752) (refusing to characterize claims that police officers withheld exculpatory evidence, falsified evidence, and fabricated testimony as *Brady* violations because the plaintiff never went to trial).

In presenting this argument, Defendants wrongly equate the evidence that compelled the Illinois Appellate Court to reverse Starks's convictions with the evidence the State allegedly failed to disclose at trial. Although both may point to Starks's innocence, these separate sets of evidence are not the same. Starks does not claim that the State violated *Brady* by failing to turn over DNA evidence generated during post-conviction proceedings; rather, Starks's claim that he was deprived of his right to a fair trial focuses on an entirely different set of evidence, all of which existed at the time of his trial.[1] Defendants' attempt to avoid the accrual rule set out in *Heck* therefore fails.

*Heck*, however, does not completely resolve the question of whether Starks's complaint is timely. "In *Heck*, the Court did not explicitly address claims, which, if successful, would necessarily imply the invalidity of a *potential* conviction on a pending criminal charge." *Washington v. Summerville*, 127 F.3d 553, 555 (7th Cir. 1997) (emphasis in original). Here, Starks remains convicted of aggravated battery, and although his sexual assault convictions have been reversed, the charges that led to those convictions remain pending trial in the Illinois circuit court. Resolving the open question identified by the Seventh Circuit in *Washington*, the Supreme Court in *Wallace* declined to extend *Heck* to bar actions that "would impugn *an anticipated future conviction* . . . until that conviction occurs and is set aside." *Wallace*, 549 U.S. at 393 (emphasis in original). The Court held specifically:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of the criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn the conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

---

[1] Starks claims that, at the time of his trial, Defendant police officers and experts suppressed and destroyed exculpatory evidence, gave false and incomplete versions of events to prosecutors, and produced fabricated reports. (*See* Compl. ¶ 43.)

*Id.* at 393-94 (citations omitted). In light of *Wallace*, several courts in this circuit have stayed § 1983 cases where plaintiffs await trial in state court on the criminal charges that their civil lawsuits implicitly challenge. *See, e.g.*, *Lynch v. Nolan*, 598 F.Supp.2d 900, 903-04 (N.D. Ill. 2009) (imposing a stay where § 1983 plaintiff awaited trial on criminal charges); *Shelton v. Madigan*, No. 06 C 4259, 2007 WL 3341681, at *6 (N.D. Ill. Nov. 6, 2007) ("Following the Supreme Court's guidance in *Wallace*, the court will exercise its authority to stay the plaintiffs' remaining claims pending the outcome of the state criminal case against them."). Consistent with these decisions, the Court accepts *Wallace*'s invitation to stay this matter pending the conclusion of Starks's state court criminal proceedings and the final resolution of his charges.

Although Starks is scheduled for retrial on charges of aggravated criminal sexual assault and attempted aggravated criminal sexual assault in March 2010, the status of his outstanding conviction for aggravated battery is unclear to this Court. While the Illinois Appellate Court reversed Starks's charges for aggravated criminal sexual assault and attempted aggravated criminal assault, the court did not address Starks's aggravated battery conviction in its decision, leaving that conviction intact. As Starks's primary defense was that he was wrongly identified as the attacker, and the Appellate Court relied heavily on DNA evidence excluding Starks as the source of the semen recovered from the victim, it is puzzling that Starks's aggravated battery conviction remains outstanding. This Court understands that Starks's criminal defense counsel is currently pursuing relief from his aggravated battery conviction. Accordingly, this Court will await a final resolution of Starks's pending sexual assault charges and outstanding aggravated battery conviction before addressing Starks's civil complaint. The Court renders no opinion at this time on the effect of *Heck* on this lawsuit in the event that Starks is not relieved of his aggravated battery conviction.

## CONCLUSION

For the reasons stated above, this matter is stayed pending resolution of Starks's state court criminal proceedings. Defendants' motions [9], [19], [44], and [55] are denied without prejudice, with leave to renew pending resolution of Plaintiff's state court criminal proceedings.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** February 4, 2010