IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Bennie Starks,<br>        Plaintiff,<br><br>v.<br><br>City of Waukegan, and Present and Former Waukegan Police Department Officials Lieutenant Urbancic, W. Biang, P. Stevenson and D. Deprez; the Special Representative for Deceased former Waukegan Police Department Officer M. Juarez; Dr. Carl Hagstrom, Dr. Russell Schneider, Sharon Thomas-Boyd and Northeastern Illinois Regional Crime Laboratory, formerly known as Northern Illinois Police Crime Laboratory,<br><br>        Defendants. | No. 09 C 348<br><br>Judge Gary Feinerman |

### AFFIDAVIT OF WILLIAM BIANG

I, WILLIAM BIANG, state that I have personal knowledge of all the facts which follow and, if called, I could testify to the following:

1. I served as a police officer and chief of police for the City of Waukegan, Lake County, Illinois. I am now retired.

2. In January of 1996, I was a sergeant assigned to the Detective Bureau in the Waukegan Police Department.

3. A cleaning ticket I located inside a coat found at the scene led police to Bennie Starks.

4. On January 25, 1986, I interviewed Bennie Starks in the Waukegan Police Department. During the interview Bennie Starks indicated that the trench coat found at the scene of the attack against Maria Gonzalez belonged to him, but he had been robbed of several items on the night of the attack, including his coat, gloves and watch.


EXHIBIT 1

5. I used a Polaroid camera to take a photograph of Bennie Starks. I used this photograph in the photo line-up with the filler photos.

6. Myself and Officer Juarez then obtained five additional polaroid photographs from police files of male subjects who appeared in the photographs to be similar in appearance to Bennie Starks.

7. Officer Juarez and myself went to Victory Memorial Hospital and showed the photo line-up consisting six photographs, one of Bennie Starks and five fillers, to Maria Gonzalez. Maria Gonzalez pointed to the photograph of Bennie Starks as her offender. A conversation in Spanish occurred between Maria Gonzalez and Officer Juarez. I did not speak Spanish and could not understand the content of the conversation.

8. After returning from the hospital, I placed Bennie Starks under arrest. I collected his items of clothing and noticed scratch marks on his body. These scratch marks were photographed. Starks indicated the scratches came from a fall somewhere.

9. On January 24, 1986, a Waukegan police officer submitted evidence for testing with the Northern Illinois Police Crime Laboratory.

10. On February 19, 1986, per court order, I accompanied co-Defendants Drs. Hagstrom and Schneider to the Lake County Jail. Hair strands, blood samples, saliva samples and dental impressions were obtained from Bennie Starks. The hair, blood and saliva samples were transported to the Northern Illinois Police Crime Laboratory for testing. Co-Defendants Schneider and Hagstrom took the dental impressions.

11. On September 11, 1986, the case against Bennie Starks proceeded to trial. The photo identification procedure and identification by Maria Gonzalez were not presented at trial by way of testimony or physical evidence.

12. Bennie Starks' criminal attorney did not file a motion to suppress Bennie Starks' statements to police or the photo line-up procedure.

13. Bennie Starks criminal defense attorney could have reviewed the photographs used in the photo line-up prior to the trial.

14. Waukegan police officers could have produced the photographs used in the photo line-up either before or during the trial.

15. Based on my training and experience, it is my opinion that the photo line-up procedure we employed in this case with Maria Gonzalez complied with all acceptable standards of police procedure and was not suggestive.

16. I do not have any training or experience in serology or forensic odontology.

17. I did not discuss with co-Defendants, Sharon Thomas-Boyd, Drs. Hagstrom or Schneider, their methods and procedures or findings or any aspect of their work in this case.

18. My interview with Bennie Starks was accurately recorded in my police report concerning the conversations.

Under penalties of perjury pursuant to 28 U.S.C.A. § 1746, I, William Biang, affirm I have read the foregoing document and the facts made herein are true, correct and complete to the best of my knowledge and belief.

_____
William Biang