IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENNIE STARKS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 CV 348 |
| v. | ) | Hon. Judge Feinerman |
| | ) | |
| CITY OF WAUKEGAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DR. RUSSELL SCHNEIDER and DR. CARL HAGSTROM'S MOTION TO STRIKE PLAINTIFF'S MARCH 18, 2015 RULE 26(a)(2)(D) REBUTTAL REPORT OF DAVID SENN, D.D.S. OR ALTERNATIVELY FOR DENTIST DEFENDANTS TO SERVE SUR-REBUTTAL REPORT OF LOWELL LEVINE, D.D.S. UNDER RULE 26(a)(2)(D) AND FOR COURT TO ORDER THAT DR. DAVID SENN BE DEPOSED IN CHICAGO AT PLAINTIFF'S COST WITHIN THE NEXT 28 DAYS AND TO STRIKE THE TRIAL DATE OF AUGUST 17, 2015, AS WELL AS ALL DATES FOR THE FILING OF PRE-TRIAL MEMORANDA AND PRE-TRIAL CONFERENCE**

NOW COMES Defendants, DR. RUSSELL SCHNEIDER and DR. CARL HAGSTROM (hereinafter ñDentist Defendantsò, by and through their attorneys, BOLLINGER CONNOLLY KRAUSE, LLC, and move this Court for an Order Striking Plaintiffôs March 18, 2015 Rule 26 (a)(2)(D) Rebuttal Report of David Senn, D.D.S. or Alternatively for Dentist Defendants to Serve Sur-Rebuttal Report of Lowell Levine, D.D.S. under Rule 26(a)(2)(D) and for Court to Order that Dr. David Senn be deposed in Chicago at Plaintiffôs Cost Within the Next 28 Days, and to Strike the Trial Date of August 17, 2015, as well as dates for Filing of Pre-Trial Memoranda and Pre-Trail Conference. In support of this Motion, Dentist Defendants state as follows:

By agreement with plaintiff, defendants disclosed their Rule 26 (a)(2)(B) and Rule 26 (a)(2)(C) expert reports on February 19, 2015. The Dentist Defendants disclosed the report of Lowell Levine, D.D.S. (Attached as Exhibit A). In his report, Dr. Levine stated

that his opinions A through V are provided to a reasonable degree of medical, dental, forensic odontologic and scientific certainty. (Ex. A, p. 10ï17). Plaintiffôs counsel elected to not take the deposition of Dr. Levine.

The court has never set a time for rebuttal expert testimony under Rule 26. Nevertheless, plaintiff, on March 18, 2015, sent by email what is purported to be an expert rebuttal report of plaintiffôs dental expert Dr. David Senn. (Attached as Exhibit B is March 18, 2015 Report).

**APPLICABLE FEDERAL RULE OF EVIDENCE**

> Rule 702. Testimony by Expert Witnesses.
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expertôs scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

(Fed. R. Ev. 702).

**I. The March 18, 2015 rebuttal report should be stricken under Federal Rule of Evidence 702.**

As the Supreme Court stated in *Daubert*, in order to qualify as ñscientific knowledgeò under the Federal Rules, an expert opinion must be derived by the scientific method. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993). In short, the requirement that an expertôs testimony pertain to ñscientific knowledgeò establishes a standard of evidentiary reliability. *Id.* *Daubert* directs the district court to determine whether the expertôs testimony pertains to scientific knowledge. This task requires that the district court consider whether the testimony has been subjected to the scientific method; it must rule out ñsubjective

belief or unsupported speculation.ò *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 614 (7th Cir. 1993). As the Seventh Circuit stated in *Ervin v. Johnson & Johnson, Inc.*, part of the test for admissibility is that ñthe expertôs reasoning or methodology underlying the testimony must be scientifically reliable.ò 492 F.3d 901, 904 (7th Cir. 2007).

In *Porter*, the trial court excluded an expertôs opinion after he after he admitted that he could not give that opinion ñto a reasonable degree of scientific certainty.ò 9 F.3d at 614. On appeal, the Seventh Circuit upheld the trial courtôs application of *Daubert* to exclude the expert, and specifically rejected the argument that the expertôs ñexperience and first-hand observations are sufficient to provide a basis for comparison to the facts presented here.ò *Id.* at 614, FN 6. In the same case, the trial court properly excluded another expert who testified ñWhat Iôm giving you now is kind of a curb side opinion. If . . . you were asking me to give you an analytical, scientific opinion, then, I would have to research it, and I have neither the time nor the inclination to do that.ò *Id*. at 614. However, as the Seventh Circuit recognized, a ñscientificò opinion is just what Rule 702, as interpreted in *Daubert*, requires. *Id*. Since that expert stated frankly that she had no scientific support for her opinion, her testimony was properly excluded. *Id*.

Similarly, Dr. Sennôs self-described ñrebuttalò observations are the type of curb-side observations, unsupported by scientific research or methodology, that were properly excluded in *Porter*. (Ex. B, p. 1ï7). Specifically, Dr. Sennôs report fails to state how his observations - opinions are derived ñby the scientific method.ò *See Daubert*, 509 U.S. at 590; (Ex. B). The report fails to provide any ñstudies, records, or data on which he based his opinionò and is therefore ñnot well-grounded in the scientific method.ò *See Porter*, 9 F.3d at 614; (Ex. B). Dr. Sennôs report fails to state, or even imply, that his ñopinionsò are stated to a reasonable degree of

scientific certainty. *Id*.; (Ex. B). Critically, Dr. Sennôs report not only fails to include the phrase ñreasonable degree of certainty,ò but fails to provide any certainty of his self styled ñobservationsò. *Id*. In that regard, Dr. Sennôs report fails to assist the trier of fact, because the fact-finder is left uninformed of the certainty with which Dr. Senn gives the opinions stated in his report. *Id*.; *see also Kirkland v. Sigalove*, 2015 U.S. Dist. LEXIS 5599, 11ï19 (N.D. Ill.) (barring expert opinions that could not be stated ñwith any certaintyò by the expert).

Dr. Sennôs failure to state his ñobservationsò are to a reasonable degree of medical, dental or scientific certaintyð or provide any measure of certainty whatsoeverð is doubly fatal in light of the fact that he testified, at his deposition, that he could not provide a proper definition of ñreasonable degree of medical certainty.ò

> Q. So when you testify to the standard of care to a reasonable degree of medical certainty in a -- in a dental case, for instance, you don't know what that means?
> A. I know what the words mean, but I can't ï I can't define it beyond saying reasonable medical certainty.
> Q. So you don't know what the phrase reasonable medical certainty is?
> A. Well, yeah. It means what a -- what a reasonable and approximately same educated dentist would do under same or similar circumstances. But -- But the term reasonable medical certainty is fuzzy to me.

(Dep. of Dr. Senn, Ex. E, p. 297). This is an attempt by Dr. Senn to define standard of care, not reasonable degree of medical certainty. Considered in conjunction with this testimony, it is clear Dr. Sennôs report of March 18, 2015 offers no indicia of certainty required to be subject to scientific methodology, and acceptable under *Daubert* and Rule 702. The Seventh Circuit has made clear that ñan expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.ò *Rosen v. Ciba-Geigy Corp*., 78 F.3d 316, 319 (1996) (*quoting Mid-State Fertilizer Co. v. Exch. Nat. Bank of Chi.*, 877 F.2d 1333, 1339 (7th Cir. 1989). That is exactly what Dr. Sennôs report offersð bottom-line, subjective beliefs and unsupported speculation,

which do not assist the trier of fact pursuant to Rule 702 and *Daubert*. Accordingly, this Court should strike Dr. Sennôs report of March 18, 2015 in its entirety.

**II. The March 18, 2015 Report is not <u>rebuttal</u> under Rule 26(a)(2)(D) and should be stricken.**

The March 18, 2015 report of Dr. Senn is not rebuttal under Rule 26(a)(2)(D) and should be stricken.

Neither a rebuttal report nor a supplemental report may offer new substantive expert opinions unless there is substantial justification for failing to timely offer the new opinions or the new opinions offered are harmless. *Shen Wei (USA) Inc. v. Sempermed USA, Inc*., 2008 U.S. Dist. LEXIS 109486, 5ï6 (N.D. Ill.).

If the courtôs scheduling order permits rebuttal experts and reports, a party may submit an expert rebuttal witness under Rule 26(a)(2)(C) (now 26(a)(2)(D)) who is ñlimited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures.ò *Noffsinger v. Valspar Corp*., 2011 U.S. Dist. LEXIS 60 (N.D. Ill.), *quoting Butler v. Sears Roebuck & Co*., 2010 U.S. Dist. LEXIS 67377 1 (N.D. Ill.). However, a party may not offer an expert report under the guise of ñrebuttalò only to provide additional support for his case in chief. *Noffsinger*, *citing Peals v. Terre Haute Police Dept*., 535 F.3d 621, 630 (7th Cir. 2008). The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief. *Noffsinger*, *citing Braun v. Lorillard, Inc*., 84 F.3d 230, 237 (7th Cir. 1996),

In *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, the court struck the defendantôs rebuttal expert report, finding that the ñrebuttalò opinions went to ñissues for which it has the burden of proof in its initial expert report.ò 2005 U.S. Dist. LEXIS 10692, 4-5 (N.D. Ill.). The court

reasoned that, ñA party presents its arguments as to the issues for which it has the burden of proof in its initial expert report. And in its rebuttal expert report, it presents expert opinions refuting the arguments made by the opposing party in its initial expert report. The rebuttal expert report is no place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice.ò *Id*. at 5. Since the expert reports supported an issue that defendant had the burden to prove, they were not ñrebuttalò opinions. *Id.*

ñThe proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.ò *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001) (internal quotation marks and citation omitted). ñTestimony offered only as additional support to an argument made in a case in chief, if not offered óto contradict, impeach or defuse the impact of the evidence offered by an adverse party,ô is improper on rebuttal. *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (emphasis added) (quoting *Grintjes*, 237 F.3d at 879). Under Rule 26(a)(2)(D)(ii), a rebuttal expert may be disclosed after the disclosure of the defense expert witnesses as long as the rebuttal expert ñis intended solely to contradict or rebut evidence on the same subject matter identified by another party.ò The subject matter of the evidence must be ñspecifically targetedò at the rebutted evidence. *Green v. Kubota Tractor Corp.*, 2012 U.S. Dist. LEXIS 56770 (N.D. Ill. 2012).

First, as described more fully above, Dr. Senn himself described his March 18, 2015 report not as rebuttal opinions, but rather after reviewing defendant dentists disclosure of Dr. Levineôs Rule 26 (a)(2)(B) report put forth his ñobservations.ò (Ex. B, p. 1). Dr. Sennôs ñrebuttalò observations, although they are styled so as to appear to rebut Dr. Levineôs opinions, are in reality, at best, supplemental restatements of his prior opinions that were already offered. Each alleged rebuttal ñobservationò has already been expressed by Dr. Senn in his prior reports.

(Attached as Exhibit C is May 10, 2010 Report of Dr. Pretty and Dr. Senn); (Attached as Exhibit D is Dr. Senn's December 2, 2014 Report).

As the district court held in *Shen Wei (USA) Inc.,* neither a rebuttal report nor a supplemental report may offer new substantive expert opinions unless there is substantial justification for failing to timely offer the new opinions. 2008 U.S. Dist. LEXIS 109486 at 6. Here, plaintiff puts forth no justification for his failure to include his rebuttal observations in his initial disclosures under Rule 26(a)(2)(B). Specifically, the following alleged rebuttal opinions have already been expressed: (the observations/opinions have been numbered 1 through 15 by defense counsel for reference):

- Observation/opinion number 1 in rebuttal has been previously disclosed in sections 2.8, 6.5.2.1, 6.5.2.3 and 6.5.2.4 of Exhibit C. (Ex. B, p.1 #1; Ex. C).
- Observation/opinion number 3 in rebuttal has been previously disclosed in sections 4.5, 6.3, 6.5.6.2 of Exhibit C. (Ex. B, p.2 #3; Ex. C).
- Observation/opinion number 7 in rebuttal has been previously disclosed in sections 2.8, 6.5.2.1, 6.5.2.3 and 6.5.2.4 of Exhibit C. (Ex. B, p.3 #7; Ex. C).
- Observation/opinion number 8 in rebuttal has been previously disclosed in sections 2.8, 6.5.2.1, 6.5.2.3 and 6.5.2.4 of Exhibit C. (Ex. B, p.3-4 #8; Ex. C).
- Observation/opinion number 10 in rebuttal has been previously disclosed in sections 1.2, 1.5, 5.1, 5.3, 5.4, 6.5.3.1, of Exhibit C. (Ex. B, p.4 #10; Ex. C).
- Observation/opinion number 15 in rebuttal has been previously disclosed in sections 6.5.5, 6.5.5.1, 6.5.5.2, of Exhibit C. (Ex. B, p.7 #15; Ex. C).

Testimony offered only as additional support to an argument made in a case in chief, if not offered "to contradict, impeach or defuse the impact of the evidence offered by an adverse

party,ô is improper on rebuttal. Here, the March 18, 2015 report, in observations/opinions 1, 3, 7, 8, 10 and 15 are nothing more than additional argument to previously disclosed opinions and argument and should be stricken.

Similarly, the opinions offered by Dr. Levine that Dr. Senn purportedly rebuts (specifically about the ruler, the orientation, and the specific characteristics of the teeth) are also positions that the plaintiff knew the defendants would take, and should have offered these in their case in chief, not through rebuttal opinions. *See Noffsinger*, 84 F.3d at 237.

**III. If the Court allows Plaintiff Rebuttal then Dentist Defendants should be allowed sur-rebuttal under Rule 26 (a)(2)(D).**

There is no court order that allows for plaintiffôs March 18, 2015 rebuttal report.

Alternatively, if Plaintiffôs ñrebuttalò opinions are allowed to stand, Dr. Schneider and Dr. Hagstrom should be permitted to obtain sur-rebuttal opinions of their expert, Dr. Levine, to rebut those opinions pursuant to Rule 26(a)(2)(D)(ii). The right to obtain sur-rebuttal opinions has been acknowledged in several cases. As the Seventh Circuit noted in *United States v. Smith*, ñonly abuse of discretion limits a district courtôs authority to bar sur-rebuttal testimony.ò 26 F.3d 739, 744 (7th Cir. 1994); *see also Shen Wei*, 2008 U.S. Dist. LEXIS 109486 at 6 (scheduling order allowed parties to submit sur-rebuttal opinions).

Dentist defendants respectfully request that they be allowed to disclose a sur-rebuttal report of Dr. Levine under Rule 26 within 30 days after Dr. Sennôs deposition on his rebuttal observations/opinions to avoid prejudice.

**IV. Defendant Dentists must be given leave to depose plaintiff's expert Dr. David Senn on his rebuttal opinions and plaintiff should be required to present at his expense Dr. Senn in Chicago for his deposition.**

Pursuant to agreement of the parties, the depositions of both plaintiff and defendantôs out-of-state residing experts have all occurred in Chicago. Plaintiffôs dental expert, Dr.

Senn, who resides in San Antonio, Texas was deposed on January 8, 2015 in Chicago, Illinois.

On March 19, 2015, counsel for dentist defendants, Mike Krause, at the deposition of defendant Boydôs expert, Keith Inman, had a personal consultation with counsel for plaintiff John Stainthorp regarding plaintiffôs production of Dr. Senn for his deposition in Chicago. On that date, Mr. Stainthorp stated that he would not produce Dr. Senn for his deposition in Illinois without providing any reason. If the court allows the rebuttal of Dr. Senn to stand without any prior court order or time allowed for rebuttal, dentist defendants respectfully requests that the court order that Dr. Senn is required to be deposed in Illinois within the next 28 days and for plaintiff to be responsible for any associated expert fees.

**V. The Trial Date of August 17, 2015 should be stricken as well as dates for the filing of pre-trial memoranda and pre-trial conference.**

As stated above, the court has never built in a time period for the disclosure of ñrebuttalò testimony. Without apprising the court of his intention to disclose rebuttal opinions, plaintiff, for the first time on March 18, 2015 provided a proposed rebuttal report of Dr. Senn. For the reasons stated above, the March 18, 2015 rebuttal report should be stricken. If the court does not strike the rebuttal report, defendant must be given an opportunity to depose Dr. Senn and to disclose sur-rebuttal report of Dr. Lowell Levine.

Due to the court not building in adequate time for rebuttal, the Dentist Defendants respectfully request that this Honorable Court strike the August 17, 2015 trial date, time for Pre-Trial Memoranda and Pre-Trial Conference in the event Dentist Defendantsô Motions for Summary Judgment are denied and to provide time for rebuttal.

WHEREFORE, Defendants, DR. RUSSELL SCHNEIDER and DR. CARL HAGSTROM by and through their attorneys, BOLLINGER CONNOLLY KRAUSE, LLC,

respectfully requests that this Court enter an Order Striking Plaintiffös March 18, 2015 Rule 26 (a)(2)(D) Rebuttal Report of David Senn, D.D.S. or Alternatively for Dentist Defendants to Serve Sur-Rebuttal Report of Lowell Levine, D.D.S. under Rule 26(a)(2)(D) and for Court to Order that Dr. David Senn be deposed in Chicago at Plaintiffös Cost within the next 28 days and to Strike the Trial Date of August 17, 2015, as well as dates for Filing of Pre-Trial Memoranda and Pre-Trail Conference.

Respectfully Submitted
BOLLINGER CONNOLLY KRAUSE, LLC

**/s/ Robert S. Tengesdal**
One of the Attorneys for the Defendants, Dr. Carl Hagstrom and Dr. Russell Schneider

Michael D. Krause, ARDC #6207328
Robert S. Tengesdal, ARDC # 6288650
Andrew S. Chestnut, ARDC # 6312527
BOLLINGER CONNOLLY KRAUSE, LLC
500 West Madison, Suite 2430
Chicago, Illinois 60661
Tel: (312) 253-6200
Fax: (312) 253-6201

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23th day of March, 2015, I electronically filed this Notice of Motion with the Clerk of the Court using the CM/ECF electronic system, and all counsel of record were served by CM/ECF ï USDC.

**/s/ Andrew S. Chestnut**